UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA    :
    :   No. CR-98-0126
    :
    v.    :
    :   **OPINION AND ORDER**
    :
FRED MARTIN    :
    :
    :

This matter is before the Court on Fred Martin's <u>pro</u> <u>se</u> Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody (doc. 113), the Government's opposition thereto (doc. 115) and Mr. Martin's Reply in the support thereof (doc. 116).

Mr. Martin was sentenced for conspiracy in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was found to be a career offender by reason of his prior convictions, and his base offense level was determined to be 37 by operation of U.S.S.G. § 4B1.1(b). Mr. Martin was sentenced to a term of incarceration of 300 months, which was reduced on May 22, 2008 to 243 months. He has served 13 years of that 243 month sentence, and he moves the Court for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines.

Unfortunately for Mr. Martin, the Court cannot grant his request. Section 3582(c)(2) permits a reduction in sentence "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Under the policy statement contained in U.S.S.G. § 1B1.10(a)(1), a court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) if the amendment authorizing the reduction is listed in § 1B1.10(c), and if the reduction allowed by the amendment is otherwise consistent with § 1B1.10. U.S.S.G. § 1B1.10(a)(1). Amendment 750 is among those listed in § 1B1.10(c). However, a reduction is not consistent with § 1B1.10 if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines further state that a reduction is not consistent with § 1B1.10 if an amendment listed in subsection (c) is applicable to the offense of conviction, but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline[.]" U.S.S.G. § 1B1.10, Application Note 1(A).

Mr. Martin's sentence was governed by § 4B1.1(b)(B), the career offender guideline. Because Amendment 750 has no effect on Mr. Martin's status as a career offender or the career offender guidelines under which he was sentenced, the Court lacks the authority to reduce Mr. Martin's career offender sentence under Amendment 750. See, e.g., United States v. Griffin, 652 F.3d 793, 803 (7th Cir. 2011) (defendant sentenced under career offender guideline was not eligible for a reduction in sentence under

guideline amendments following the Fair Sentencing Act of 2010).

Mr. Martin's reliance on <u>Pepper v. United States</u>, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) is misplaced. In <u>Pepper</u>, the Supreme Court held that a district court may consider evidence of the defendant's post-sentencing rehabilitation when a defendant comes before the district court after his sentence has been set aside on appeal. 131 S.Ct. at 1241. Mr. Martin's sentence has not been set aside on appeal, and Pepper therefore has no application here.

The Court is constrained by the dictates of Amendment 750 itself and thus must DENY Mr. Martin's motion (doc. 113). However, the Court notes that Mr. Martin has wisely used his time while incarcerated, obtaining his GED, successfully completing several educational programs and never once having received a disciplinary report. He is to be commended for his post-sentencing rehabilitative conduct. While the Court is unable to provide him the relief he seeks, the Court encourages Mr. Martin to pursue other avenues, which could include requesting that the President commute his sentence.

SO ORDERED.


Dated: April 4, 2012          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge